UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV15-02612-AB-(PLAx) | Date: September 8, 2015 |

Title: *Eyon Neal Christmas v. Union Pacific Railroad Co., et al.*

Present: The Honorable ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DENYING Plaintiff's Motion for Remand (Dkt. No. 15) and DENYING Defendants' Motion to Dismiss (Dkt. No. 10)

Pending before the Court are two motions—Defendants Union Pacific Railroad Company and Union Pacific Corporation's (collectively "Union Pacific") Motion to Dismiss and Plaintiff Eyon Neal Christmas's ("Mr. Christmas") Motion to Remand. (Motion to Dismiss ("MTD"), Dkt. No. 10, Motion to Remand ("MTR"), Dkt. No. 15.) Both Parties filed an Opposition and a Reply to each Motion. (MTD Opposition, MTD Reply, Dkt. Nos. 18, 21; MTR Opposition, MTR Reply, Dkt. Nos. 20, 23.) On June 12, 2015, the Court took both motions under submission. (Dkt. No. 30.)

Having considered the materials submitted by the parties, and for the reasons indicated below, the Court **DENIES** Mr. Christmas's Motion to Remand and **DENIES** Union Pacific's Motion to Dismiss.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case involves Mr. Christmas's employment dispute with Union Pacific and Defendants George R. Davis, Zachary J. Pittman, John E. Yettaw, and Kenneth R. Fair ("collectively Defendants"). Mr. Christmas alleges that Defendants deliberately violated California Labor Code § 604. (Dkt. No. 1, Ex. A, First Amended Complaint ("FAC"), ¶¶ 1, 25.)

Mr. Christmas is a current employee at Defendant Union Pacific Railroad Company in California. (FAC, ¶ 6.) Mr. Christmas is employed as a "Manager [of] Intermodal Operations" ("MIO") whose duties include regularly dispatch[ing], report[ing], transmit[ting], receiv[ing] or deliver[ing] orders pertaining to or affecting train movements. (*Id.*) Defendant Union Pacific Railroad Company is a Delaware corporation and the principal operating company of Defendant Union Pacific Corporation, a Utah Corporation. (*Id.* at ¶¶ 7-8.) Union Pacific operates an interstate railroad franchise. (*Id.*) The individual Defendants—Mr. Davis, Mr. Pittman, Mr. Yettaw, and Mr. Fair—are allegedly citizens of the State of California.[1] (*Id.* at ¶¶ 9-12.) California Defendants hold the following positions at the same rail yard location that employs Mr. Christmas:

- Mr. Davis is the Superintendent;
- Mr. Pittman is the Director of Intermodal Terminal Operations;
- Mr. Yettaw is the Senior Manager of Intermodal Terminal Operations; and
- Mr. Fair is a Manager of Intermodal Terminal Operations.

(*Id.*) Mr. Christmas alleges that all four California Defendants, "acting on behalf of [Union Pacific] . . . violated, or permitted to be violated, California Labor Code § 604." (*Id.*) Of the four California Defendants, only Mr. Davis and Mr. Pittman are believed to be "responsible for scheduling hours and days of work." (*Id.*) Mr. Christmas alleges that each California Defendant "carried out a joint scheme, business plan or policy" as Union Pacific's agents. (*Id.* at ¶¶ 14-15.)

On February 5, 2015, Mr. Christmas filed his complaint in the Superior Court of California initially against only Union Pacific. (Dkt. No. 1, Ex. A, p. 25.) On March 12, 2015, Mr. Christmas amended his complaint to include California Defendants. (*See* FAC.) Mr. Christmas asserts claims for (1) Violations of the Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), (2) Injunctive Relief (Cal. Civ. Proc. § 526) and (3) the California Private Attorneys General Act (Labor Code §§ 2698, *et seq.*) ("PAGA"). (*Id.* at ¶¶ 23-42.) Mr. Christmas seeks general compensatory damages, costs incurred, attorneys' fees, penalties allowed by law and any

---

[1] The individuals Defendants are hereinafter referred to as "California Defendants."

further relief as deemed appropriate.  (*Id.* at pp. 10-11 ¶¶ 1-12.)

Mr. Christmas asserts each of his claims individually and on behalf of a purported class.  (FAC, ¶ 19.)  Mr. Christmas defines class members as "[a]ll persons who were citizens of California …and who are or were employed by [Union Pacific] in the State of California …and who dispatch, report, transmit, receive or deliver orders pertaining to or affecting train movements."  (*Id.*)

On April 8, 2015, Union Pacific timely filed its Notice of Removal to this Court, claiming this Court has federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2]  (Notice of Removal ("NOR"), Dkt. No. 1.)  Union Pacific alleges that this action is between at least one defendant and at least one member of the putative class who are citizens of different states and involves an amount in controversy exceeding $5 million, exclusive of interest and costs.  (*Id.* at ¶¶ 18-23.)

Upon removal, Union Pacific filed a Motion to Dismiss under Federal Rule of Procedure 12(b)(6) on preemption grounds.  (*See* MTD.)  Soon thereafter, Mr. Christmas moved to have this case remanded based on the "local controversy" exception to CAFA that allows state courts to adjudicate CAFA matters involving local parties.  (*See* MTR.)  Mr. Christmas also seeks costs and attorneys' fees should the Court find that removal was improper.  (MTR, p. 3.)

Due Mr. Christmas's challenge to this Court's original jurisdiction, the Court first addresses the Motion to Remand.

## II. LEGAL STANDARD FOR MOTION TO REMAND

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to the Class Action Fairness Act amendments to § 1332, for claims

---

[2]  Union Pacific also removed this matter under federal question jurisdiction.  (NOR, ¶ 15.)  However, the parties agree that Mr. Christmas has not set forth any federal claims thereby destroying federal question jurisdiction.  (MTR, p. 1; MTR Opposition, p. 1; MTR Reply, p. 1.)

brought on behalf of a class to have original jurisdiction in federal court, the amount in controversy must exceed $5 million, the putative class action must include over 100 class members, and any member of the class must be a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Section 1332(d)(1)(B) defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" Section 1332(d)(8) states: "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action[.]"

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, No. CV 14–9128 PA (PLAx), 2014 WL 6851440, at *2 (C.D. Cal. 2014). Once a case has been removed, the burden shifts to the party seeking remand to establish an exception to jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

### III. DISCUSSION FOR MOTION TO REMAND

Mr. Christmas asserts that this Court must remand the action under the "local controversy" exception to CAFA jurisdiction, 28 U.S.C. §1332(d)(4)(A). (*See* MTR.) Union Pacific argues that it would be improper to apply the "local controversy" exception under these circumstances. Union Pacific believes that Mr. Christmas is suing California Defendants so that he can use the exception to circumvent CAFA and litigate in state court.[3] (Opp. MTR, pp. 1, 5-13.) For California Defendants to be considered local defendants, Mr. Christmas must fulfill the "local controversy" requirements listed under 28 U.S.C. § 1332(d)(4)(A).

---

[3] Union Pacific also contends that California Defendants are sham defendants included for the purposes of jurisdiction. (Opp. MTR, pp. 1, 5-13.) The Court need not decide whether California Defendants are sham defendants in order to find that they are not local defendants under the "local controversy" exception.

Under the "local controversy" exception, the Court is required to remand a case in which the injuries resulting from the alleged conduct were incurred in the forum state, greater than 2/3 of the putative class members are citizens of the forum state, and at least one defendant is a defendant from whom "significant relief is sought ... whose alleged conduct forms a significant basis for the [asserted] claims ... and who is a citizen of the [forum] state."  28 U.S.C. § 1332(d)(4)(A)(I)-(III).[4]  Plaintiff bears the burden of proving that these requirements are met.  *Serrano*, 478 F.3d at 1023; *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 881 (9th Cir. 2013) ("Plaintiff ..., as the party seeking remand to state court, bears the burden of proving that the [local controversy] exception applies.").  "This provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243-44 (10th Cir. 2009) (citing S. Rep. No. 109–14, at 39 (2005)).

The issue here is whether California Defendants' conduct form a significant basis for Mr. Christmas's claims asserted, and whether significant relief can be sought from California Defendants.[5]

---

[4] The "local controversy" exception specifically requires the following:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least one defendant is a defendant:
>
>> (aa) from whom *significant relief is sought* by members of the plaintiff class;
>>
>> (bb) whose *alleged conduct forms a significant basis for the claims asserted* by the proposed plaintiff class;
>>
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

*See* 28 U.S.C. § 1332(d)(4)(A) (emphasis added).

[5] The parties agree that Mr. Christmas has met the first and third requirements—all of the members of the putative class are California citizens by class definition, the principal injuries occurred in California, and no other class action has been filed in the preceding three-year period.  (FAC, ¶ 18; MTR, pp. 4-5; MTR Opp., p. 4 n. 2.)   Mr. Christmas also recognizes that Union Pacific does not qualify as a local

First, the Court will address whether the conduct of California Defendants forms a significant basis for the claims asserted. Then, the Court will address whether significant relief is sought from California Defendants.

### A. California Defendants' Alleged Conduct Does Not Form a Significant Basis for the Claims Asserted.

One prong of the "local exception" test is the requirement that California Defendants' "alleged conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). A plaintiff must show that the local defendant is the "primary defendant" or the exception does not apply. *See Waters v. Advent Product Dev., Inc.*, NO. 07cv2089 BTM(LSP), 2008 WL 7683231, at *4 (S.D. Cal. 2008). The Court must look to the comparison between the in-state defendants' alleged conduct and the alleged conduct of all the defendants. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 149 (3d Cir. 2009) (Significant means that the alleged conduct "must be an important ground for the asserted claims in view of the alleged conduct of all of the Defendants."); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010) (The conduct must form a "significant part of the alleged conduct of all of the Defendants.").

#### 1. California Defendants are not the primary focus of the claims.

Union Pacific argues that California Defendants are peripheral and that Mr. Christmas conceded in his FAC that California Defendants are agents of Union Pacific which means they are not central to the putative class' claims. (MTR Opp., pp. 1, 12.) Mr. Christmas asserts that California Defendants' behavior is sufficient to form a substantial basis for the claims asserted. (MTR, pp. 2-4.)

For California Defendants to fulfill the local defendant requirement of the "local controversy" exception, California Defendants must be the primary focus of the claims. According to the Senate Judiciary Committee: "for the 'local controversy' exception to apply there must be 'at least one real defendant . . . whose alleged conduct is central to the class's claims and from whom the class seeks significant relief. . . . [T]he Committee intends that the local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant.'" *Woods v. Standards Ins. Co.*, 771 F.3d 1257, 1265-66 (10th Cir. 2014) (quoting S. Rep. No. 109-14, 28, 38 (2005)). The Court finds an example from the Senate Judiciary Committee Report about the "local controversy" exception useful in clarifying the meaning of what constitutes a "significant basis."

---

defendant on its own, and Union Pacific has not challenged California Defendants' citizenship as local defendants. (*Id.*)

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, *a local agent of the company named as a defendant presumably would not fit this criteria* . . . At most, that agent would have been *an isolated role player* in the alleged scheme implemented by the insurance company. In this instance, *the real target* in this action (both in terms of relief and alleged conduct) is the insurance company, and *if that company is not local, this criterion would not be met.*

S. Rep. 109–14, at 38 (footnote omitted) (emphasis added). Using this as a guide, it is simply not enough that California Defendants are local agents of Union Pacific, rather California Defendants must be the real target of the action in order to qualify as local defendants under the exception.

Like the insurance company referenced above, Union Pacific is the real target in this action, and because Union Pacific "is not local, this criterion [is] not [] met." S. Rep. 109–14, at 38 (footnote omitted). Looking at the FAC, Mr. Christmas does not make any specific allegations regarding California Defendants' role in the conduct that is the basis of the Complaint. (*See* FAC, ¶ 15 ("[Mr. Christmas] is informed and believes . . . that each and all of the acts and omissions alleged herein were performed by . . . all [California Defendants], each acting as agents and/or employees, and/or under the direction and control of each of the other [California Defendants], and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.").) The lack of specificity with respect to California Defendants is analogous to the Tenth Circuit's decision in *Woods*. 771 F.3d 1257. In *Woods*, the plaintiffs sued their employer, the insurance company, and a local employee of the insurance company that was responsible for managing plaintiffs' accounts and administering benefits in accordance with the company's policy. *Id.* at 1260. The Tenth Circuit concluded that the local employee was an "isolated role player" in the insurance company's scheme and as a result her conduct did not form a substantial basis that could trigger the "local controversy" exception. *Id.* at 1266. Similarly here, Mr. Christmas is suing Union Pacific (his employer) and California Defendants who are Union Pacific's local employees that are responsible for managing the employees' work schedule in accordance with company policy. (FAC, ¶¶ 9-12.) In both cases, the would-be local defendants were not alleged to have had the authority to change the policy, but were simply "local agents" of the larger, out-of-state company. *Id.* at 1267. Thus, conduct by California Defendants (the local agents) cannot form a "significant basis" for the claims of the putative class because California Defendants' conduct only reflects the real target at issue—Union Pacific.

    **2.**    **California Defendants' conduct does not form a "significant basis" for the alleged claims.**

To complete the analysis as to whether California Defendants' conduct can form a "substantial basis" for Mr. Christmas's claims, the alleged conduct must be compared to the "conduct of all defendants", *i.e.*, Union Pacific.  *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. Jun. 18, 2015) ("Whether [the significant basis] condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009)).

Mr. Christmas's argument is missing the critical nexus between California Defendants' actions and the effects on class members at large.  He alleges that California Defendants were "responsible for scheduling hours and days of work and, acting on behalf of Union Pacific, [they] violated, or permitted to be violated, California Labor Code § 604."  However, Mr. Christmas brings this action on behalf of a class which he defines as "[a]ll persons who were citizens of California …and who are or were employed by Union Pacific in the State of California …and who dispatch, report, transmit, receive or deliver orders pertaining to or affecting train movements."  (FAC, ¶ 19.)  California Defendants are only alleged to have been responsible for implementing Union Pacific's policy at the location where Mr. Christmas works.  The proposed class of plaintiffs includes all railroad employees in California who work for Union Pacific.  Because all four California Defendants do not have responsibilities that extend beyond the location where Mr. Christmas works, they cannot form a "significant basis" for the claims asserted for any member of the putative class working at any other facility.  *See Waters*, 2008 WL 7683231, at *5-6 (no "significant basis" found where defendant had contact with only some of the class members).

Mr. Christmas only briefly mentions California Defendants' conduct in the FAC.  Although Mr. Christmas brings the second and third causes of action against all defendants (for injunctive relief under California Labor Code §§ 604-606 and PAGA), Mr. Christmas does not allege specifically how California Defendants contributed to Mr. Christmas's claims beyond alleging that they were the agents of Union Pacific.  The FAC simply conflates California Defendants' conduct with the larger company policy Union Pacific implements and states that they were "acting on behalf of Union Pacific." Union Pacific points out that there is "no allegation of any independent—let alone 'important' or 'central' or 'primary'—acts by the individual managers."  (MTR Opp., p. 7.)  The Court agrees.  In fact, individual roles or responsibilities are not alleged at all beyond their job titles, and California Defendants' conduct are always referred to collectively rather than alleging specific acts or omissions.  Mr. Christmas provides some detail with respect to George R. Davis and Zachary J. Pittman in alleging that these two persons were the only two persons believed to be responsible for scheduling hours and days of work.  But that allegation alone is insufficient under the significant basis prong of the "local controversy" exception.  *Woods*, 771 F.3d at 1266 ("[A]bsent from the complaint is any allegation of conduct by [the local employee] illustrating that she

played a significant role in the [defendants'] alleged scheme."); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167, n. 7 (11th Cir. 2006) (deciding that remand was improper because plaintiff failed to establish the defendant's significant conduct even if significant relief was found to be sought.)   Thus, California Defendants' conduct does not form a "significant basis" for the alleged claims and Mr. Christmas's failure to establish this "significant basis" bars remand under the "local controversy" exception.

On this basis alone, Mr. Christmas's Motion should be denied.   However, a review of the complaint further reveals that Mr. Christmas fails to allege "significant relief" from California Defendants which is an alternative ground to deny this request to remand.

### B. Significant Relief cannot be derived from California Defendants.

Mr. Christmas alleges that he seeks "significant relief" from California Defendants.[6]

As the District Court defines in *Coleman*, relief sought against the local defendant is significant if it "is a significant portion of the entire relief sought by the class." *Coleman*, 730 F. Supp. 2d at 1153 (quoting *Evans*, 449 F.3d at 1167).

The Senate Report referenced in *Woods* also provides a useful analysis.   *Woods*, 771 F.3d at 1266

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria.   *He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole.*   Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself.

(quoting S. Rep. 109–14, at 38) (emphasis added).   It is evident that California Defendants cannot be defendants from whom significant relief can derive from, especially in light of the putative class.   Indeed, California Defendants only had contact with some of the putative class because California Defendants only have the ability to schedule work shifts at the rail yard to which they work.   Consequently, even if California Defendants were found to have implemented Union Pacific's alleged wrongful

---

[6] A defendant from whom significant relief is sought does not mean a defendant from whom significant relief must be obtained; in-state defendants do not have to be able to pay judgment.   *See Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011); *see also Coffey*, 581 F.3d at 1243-44.

policy, enjoining California Defendants from performing such wrongful conduct will only affect class members that work at that particular rail yard, not all the Union Pacific rail yards throughout California. Mr. Christmas can only obtain maximum relief on behalf of the class if he seeks to enjoin Union Pacific from further conduct, rather than California Defendants. California Defendants are therefore not local defendants from which significant relief is being sought. Remand is not appropriate where Mr. Christmas has failed to establish all of the elements under the "local controversy" exception.

As the Court mentioned, Mr. Christmas bears the burden of proof as to the applicability the "local controversy" exception under 28 U.S.C. §§ 1332(d)(4)(A) and (B). *Serrano*, 478 F.3d at 1024. For the reasons discussed above, Mr. Christmas has not carried his burden that the local controversy exception applies. Therefore, Mr. Christmas's motion to remand is **DENIED**. The parties do not dispute that this action has met CAFA's requirements for diversity jurisdiction; thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

The Court now addresses Union Pacific's Motion to Dismiss.

## IV. LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Union Pacific moves to dismiss this matter because Mr. Christmas fails to plead facts that entitle him to a right of relief.

A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"). In analyzing the sufficiency of the complaint, allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. *See Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1612 (2011). The Court must first look at the requirements of the causes of action alleged to test the legal sufficiency of the complaint. *See Iqbal*, 556 U.S. at 675.

## V. DISCUSSION FOR MOTION TO DISMISS

The parties disagree as to whether Mr. Christmas's claims are preempted (through conflict preemption) by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq*.  Union Pacific moves to dismiss Mr. Christmas's complaint on the ground that the FRSA preempts Mr. Christmas's California Labor Code § 604 claim.  (*See* MTD.)  (*Id*.)  According to Union Pacific, conflict preemption applies here because the Secretary of Transportation[7] issued regulations and orders covering the specific area of California Labor Code § 604.  Mr. Christmas opposes preemption and maintains that his Labor Code § 604 does not fall within the scope of the FRSA.  (*See* MTD Opp.)  Mr. Christmas claims that Union Pacific's conflict preemption arguments fail to show any conflict between the state law and federal law at issue.   Lastly, Mr. Christmas contends that Union Pacific's arguments regarding the Secretary of Transportation regulating the specific area of Labor Code § 604 are false, and Congress expressly permits enforcement of Labor Code § 604.

The FRSA was enacted to promote safety in railroad operations "and reduce railroad-related accidents and incidents."  49 U.S.C. § 20101 *et seq*.  The FRSA contains an express preemption provision (otherwise known as the savings clause) that provides "[l]aws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable."  49 U.S.C. § 20106.  However, "[a] State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when the law, regulation, or order—

> (1) is necessary to eliminate or reduce an essentially local safety hazard;
> (2) is not incompatible with a law, regulation, or order of the United States Government; and
> (3) does not unreasonably burden interstate commerce.

49 U.S.C. § 20106 (a)(2).  Yet, "[a] State may adopt or continue in force a law, regulation, or order related to railroad safety ... until the Secretary of Transportation ... prescribes a regulation or issues an order covering the subject matter of the State requirement." *Id*.  Because the term "cover" is a "restrictive term," preemption will not apply if the FRSA regulation in question merely "touch[es] upon or relate[s] to" the subject matter of state law.  *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) (internal quotation marks omitted).  Rather, "pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law."  *Id.*  Simply put, "[u]nder [the FRSA] . . . scheme . . . state regulations can fill gaps where the Secretary has not yet regulated, and it can respond to safety concerns of a local

---

[7] The FRSA specifically vests the power to enforce its standards with the Secretary of Transportation.  *See* 49 U.S.C. § 20111.

rather than national character." *Burlington N. and Santa Fe Ry. Co. v. Doyle*, 186 F.3d 790, 795 (7th Cir. 1999). However, the Ninth Circuit has stated that even "if the [Department of Transportation] has 'cover[ed]' the subject matter, then [a] State may adopt or continue to in force an additional or more stringent law, regulation, order . . ." pursuant to the factors listed in 49 U.S.C. § 20106 (a)(2). *Union Pac. R. Co. v. California Pub. Utilities Comm'n*, 346 F.3d 851, 858 (9th Cir. 2003).

The preemption doctrine stems from the Supremacy Clause of the Constitution and concerns the primacy of federal laws. *Felt v. Atchison, Topeka & Santa Fe Ry. Co.*, 60 F.3d 1416, 1418 (9th Cir. 1995). Preemption comes in two forms—field and conflict preemption. Field preemption is applied when Congress intends federal law to "occupy the field," all state law in that area is preempted. *California v. ARC America Corp.*, 490 U.S. 93, 101 (1989). Conflict preemption looks at whether the state law makes it either impossible to follow the federal law or provides a significant obstacle to adhering to the federal law. *See Freightliner Corp. v. Myrick*, 514 U.S. 280, 287, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995).

Union Pacific urges this Court to preempt Labor Code § 604, but it fails to complete its preemption analysis. Simply showing that the Department of Transportation has covered the same subject area is not enough, especially when case law establishes that it is difficult to assert FRSA preemption under 49 U.S.C. § 20106 (a)(2).

California Labor Code § 604 is a statute governing an area—hours of service—that is directly and comprehensively covered under § 21105 of the FRSA and another regulation. California Labor Code § 604 is a statute that governs the maximum hours of persons handling orders affecting train movements. Cal. Lab. Code § 604. Specifically, § 604 states that "[n]o person who by the use of the telegraph or telephone, dispatches, reports, transmits, receives or delivers orders pertaining to or affecting train movements shall be required or permitted to be on duty for a longer period than nine hours in any twenty-four hours." *Id.* 49 U.S.C. § 21105 is a statute that governs the limitations on duty hours of dispatching service employees. Specifically, § 21105 states a dispatching service employee may not be required or allowed to remain or go on duty for more than—(1) a total of 9 hours during a 24-hour period in a tower, office, station, or place at which at least 2 shifts are employed; or (2) a total of 12 hours during a 24-hour period in a tower, office, station, or place at which only one shift is employed. *Id.* Union Pacific also points to a regulation—49 C.F.R. Part 228—that appears to cover the same subject matter—hours of service—as Labor Code § 604.[8] *See* 49 C.F.R. Part 228 (2009)

---

[8] Union Pacific also attaches several exhibits to support its proposition that the FRSA has issued regulations and orders covering the hours of service subject matter. (Mot., pp. 11-14 (74 Fed. Reg. 25340, Operating Practices Technical Bulletin OP-05-01, and a compliance manual entitled *Hours of Service Compliance Manual—Freight Operations*) (emphasis in original.) Because the overall

("Hours of Service of Railroad Employees; Recordkeeping and Reporting; Sleeping Quarters"). The regulation provides guidelines to railroads on how to comply with federal hours of service rules, including the rules covering dispatching service employees. *Id.*

Read in conjunction with the FRSA's savings clause, Labor Code § 604 would be considered the additional or more stringent state law that aligns with 49 U.S.C. § 21105 or 49 C.F.R. Part 228. Neither party contends that there is an overt conflict between statutes and regulations at issue. (*See* MTD Opp., p. 3 ("[B]oth California and federal law have the same 9-hour safety limit."); MTD Reply, p. 4 ("[E]ven if the state and federal standards are identical, the state law is still preempted.").) Because Labor Code § 604 does not conflict with federal law or the federal regulation, the Court concludes that Labor Code § 604 falls within the savings clause of 49 U.S.C. § 20106.

Focusing on the § 20106 (a)(2) and preemption analysis, the Supreme Court has cautioned "despite the variety of these opportunities for federal preeminence, we have never assumed lightly that Congress has derogated state regulation, but instead have addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

Now, it is true (as Union Pacific argues) that FRSA specifically chose to cover hours of service subject matter, but the Union Pacific fails to provide any arguments that demonstrates that Labor Code § 604 does not comply with § 20106 (a)(2). Union Pacific simply argues that the Department of Transportation covers the subject matter and then, Union Pacific leaps to the conclusion that Labor Code § 604 is preempted. (Mot., pp. 9-14.) However, that is not the appropriate analysis under § 20106 (a)(2). As stated in *California Pub.*, "if the [Department of Transportation] has 'cover[ed]' the subject matter, then . . ." a state may still adopt a more stringent law, regulation, or order as long as it meets the 49 U.S.C. § 20106 (a)(2) criteria. *California Pub.*, 346 F.3d at 858. Union Pacific fails to take that extra step in its analysis to speak to whether Labor Code § 604 is necessary to eliminate a special local safety hazard in California, is incompatible with U.S. law, regulation, or order, and unreasonably burdens interstate commerce. *See generally* MTD, MTD Reply); *cf.* 49 U.S.C. § 20106 (a)(2). This is a straightforward legal framework that many courts have used in their preemption analysis when state railroad statutes have been challenged. *See Haynes v. Nat'l R.R. Passenger Corp.*, 423 F.Supp.2d 1073, 1081 (C.D. Cal. 2006) ("[A] state may enact or continue to enforce laws

---

conclusion would not change in considering these materials, the Court chooses not to discuss these regulations, technical bulletins, and compliance manual.

on a subject matter covered by federal regulations if that law meets three criteria (1) it is necessary to eliminate or reduce a local safety or security hazard, (2) it is compatible with the federal law, and (3) it does not necessarily burden state commerce." (citing 49 U.S.C. § 20106 (a)(2))); *see also Carter v. Nat'l R.R. Passenger Corp.*, 63 F.Supp.3d 1118, 1136-37 (N.D. Cal. 2014) (the defendants arguing that "the savings clause contained in 49 C.F.R. § 20106 . . . does not apply here because "there is no essentially local safety hazard in the area that would necessitate a more stringent state law requirement . . . ."). But instead of addressing this FRSA's preemption clause as a whole, Union Pacific focuses the majority of its arguments on whether law or regulation covered the hours of service subject matter. These contentions only pertain to the first step of the analysis. *In re Montreal Maine & Atlantic Ry., Ltd.*, Nos. 13–10670, 14–1001, 1:15–mc–22–NT, 2015 WL 3604335, at *6 (D. Me. June 8, 2015) ("To determine whether a state law, regulation, or order concerning railroad safety is preempted, a court must first determine whether [Department of Transportation] has issued a valid regulation or order related to railroad safety covering the subject matter at issue. If so, the state standard is preempted, unless the local hazard exception applies." (citing 49 U.S.C. § 20106 (a)(2))). And satisfying the first step only takes you so far because even if a statute or a regulation covers the same subject matter, a state may still adopt an additional or more stringent law that is compatible with 49 U.S.C. § 20106 (a)(2). *California Pub.*, 346 F.3d at 858. Without the second-half of the analysis, this Motion's basis to preempt Labor Code § 604 is without merit.

The Court therefore **DENIES** Union Pacific's Motion to Dismiss.

## VI.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Christmas's Motion to Remand, and with removal being deemed proper, Mr. Christmas is not entitled to Attorney's Fees. (Dkt. No. 15.) And because Mr. Christmas's California Labor Code § 604 claim is not preempted under the FRSA, Union Pacific's Motion to Dismiss is **DENIED**. (Dkt. No. 10.)

The stay on this matter is now lifted. The Court resets the scheduling conference for November 16, 2015 at 10:00 am.

**IT IS SO ORDERED.**